IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **KIMBERLY PARKER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | CIVIL ACTION NO. _____ |
| | § | |
| **CITY OF EULESS,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Kimberly Parker ("Parker" or "Plaintiff") files this original complaint and jury demand against Defendant City of Euless ("Euless" or "Defendant"), alleging sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended. For causes of action, Plaintiff would show the Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Parker is a female resident and citizen of Grapevine, Tarrant County, Texas.

2. Euless is a municipality in Texas.

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e5(f)(3).

4. Parker is employed by Euless in Euless, Texas. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e5(f)(3).

5. Euless is an employer within the meaning of 42 U.S.C. § 2000e(b).

6. Parker filed a charge of discrimination and retaliation with the Equal Employment Opportunity ("EEOC") on or about December 1, 2014.

7. On October 12, 2017 the Equal Employment Opportunity Commission issued Parker a notice of right to sue, and this lawsuit is being filed within ninety (90) days of Parker's receipt of that notice. All conditions precedent to the filing of this action have been fulfilled.

## II. FACTUAL BACKGROUND

8. Euless hired Parker in April 1993 as a Reserve Officer in the Police Department. In July of that same year, Parker became a full-time Police Officer. After Parker completed her field training, Chief Gary McKamie and Captain Harland Westmoreland had a meeting with Parker in which Chief McKamie told her that he knew there would be problems with men and women working together, asked about her marital status, and told her it would be in her best interest to get married. These statements were blatantly sexist and discriminatory.

9. A position on a DEA task force position became available in 1998, and Parker applied for that position. Personnel from the DEA did the interviews and made the selection as to whom to put into that position. Out of approximately ten candidates, Parker scored the highest in the application process, and she was selected for the position. Chief McKamie, however, commented to Parker that she was lucky that the DEA was selecting the candidates because "if it was up to him, he would never send a female to a drug force, especially a mother."

10. Parker served on the DEA task force until 2000, at which time Captain Joey Zieman asked her to transfer to a CID position because they needed a female to work in CID with family violence issues. Parker worked in that position until 2008, when she became a Senior Corporal in patrol. Although two Senior Corporal positions were available in CID and Parker desired to remain in CID as a Corporal, she did not get either of those CID positions. The Sergeant heading CID at the time, Gary Landers, actually requested that a male officer in CID, Brett Morgan, take the Corporal test. Initially, Morgan declined to take the test, telling Landers that he had less experience

than Parker for the Corporal position within CID, and that he did not want to get transferred to a Corporal position in patrol. In response, Landers told Morgan "fuck her….you are going to be one of my Senior Corporals." And that is exactly what ended up happening.

11. Parker served one year in patrol as a Senior Corporal. During this time, she earned excellent evaluations and even won the award for "Supervisor of the Year." In 2009, Parker was assigned to the community service division of the police department. While being supervised by Lieutenant Starnes, Parker received more excellent evaluations and received a Unit Citation Award.

12. Unfortunately for Parker, Landers became Captain over the community service division in October 2010. At that same time, testing for two open Sergeant positions had started. Although she ranked second out of four after the objective written part of the test, Parker dropped to fourth after the subjective oral examinations were done. When Parker asked Lt. Kraft, a member of the testing committee, what happened, he simply stated quite truthfully and with no maliciousness on his part that "Euless is not ready for you or any woman to be a Sergeant."

13. In 2011, Landers began threatening to move Parker back to patrol and, according to Starnes, began looking for ways to fire Parker. By October 2011, Landers did, in fact, transfer Parker back to patrol. He followed that adverse action with instructions for a co-worker, James Gordon, to file a formal IA complaint against Parker related to a simple disagreement that he had with Parker. When Parker was served with the IA complaint on May 2, 2012, she filed a counter-complaint against Gordon. Unlike Gordon's IA complaint, Parker's complaint was ignored. In fact, Chief Brown told her that her complaint was unfounded, he would not accept it, and that this was "high school behavior."

14. In light of the City's refusal to accept her IA complaint, Parker filed a grievance with HR. Despite the evidence of disparate and discriminatory treatment between Parker as a female and her male counterparts, HR denied her grievance.

15. Based on the continuing disparate and discriminatory treatment, Parker filed a charge of discrimination with the EEOC in July 2012. Although she received a right-sue-sue notice from the EEOC, Parker decided to let it go and voluntarily went to night shift in order to avoid the horrific treatment she had been receiving.

16. Approximately two years later, in October 2014, Parker again applied for a Sergeant position with the department. After taking the written objective examination, Parker was ranked first. As with the prior promotional examination from several years earlier, after the subjective oral examination, Parker fell to sixth. That decline was just enough to deny her one of the five promotions that the department had at the time, all of which went to males and employees who had not previously complained of discrimination.

17. Parker promptly filed a new charge of discrimination and retaliation with the EEOC on December 1, 2014. During the pendency of her charge, Lieutenant Starnes went to Chief Brown every time a Sergeant opening came up and encouraged him to promote Parker. In each instance, Chief Brown told Lieutenant Starnes that he would never promote Parker to a Sergeant position.

18. Euless has willfully discriminated against Parker because of her gender and retaliated against her because of her prior complaints and charges of discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

### III.  FIRST CAUSE OF ACTION:  SEX DISCRIMINATION

16. Parker realleges and incorporates paragraph 1-15 as if fully contained herein.

17. Euless' actions as described herein constitute unlawful sex discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended.

18. As a result of the unlawful discriminatory actions of Euless, Parker has suffered and will suffer actual damages in the form of lost wages, both past and future, and lost employment benefits for which she hereby sues.

19. As a further result of Euless' discriminatory actions, Parker has suffered non-pecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages, for which she hereby sues.

20. At all times relevant to this action, Euless acted with malice or reckless indifference to Parker's protected rights, thus entitling Parker to punitive damages.

21. Parker seeks attorneys' fees and costs of suit.

### IV. SECOND CAUSE OF ACTION: RETALIATION

22. Parker realleges and incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein.

23. Euless' actions as described herein constitute unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended

24. As a result of the unlawful retaliatory actions of Euless as described above, Parker has suffered and will suffer actual damages in the form of lost wages, both past and future, and lost employment benefits, for which she hereby sues.

25. As a result of Euless' retaliatory actions, Parker has suffered non-pecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience, personal humiliation,

mental anguish, loss of enjoyment of life, and other non-pecuniary damages, for which she hereby sues.

26. At all times relevant to this action, Euless acted with malice or reckless indifference to Parker's protected rights, thus entitling Parker to punitive damages.

27. Parker seeks attorneys' fees and costs of suit.

## V.  JURY TRIAL DEMANDED

Parker requests a jury trial on all claims or defenses arising in this litigation.

## VI.  PRAYER

Parker asks that Euless be cited to appear and answer and that Parker be awarded judgment against Euless for:

    a. Actual damages, including lost wages and benefits (both front and back pay);

    b. Compensatory damages;

    c. Punitive and/or exemplary damages;

    d. Prejudgment and post-judgment interest;

    e. Costs of suit;

    f. Attorneys' fees; and

    g. All other relief the Court deems appropriate.

Dated:  January 8, 2018                             Respectfully submitted,

***LYON, GORSKY & GILBERT, L.L.P.***
12001 N. Central Expressway
Suite 650
Dallas, Texas 75243
Phone: (214) 965-0090
Fax:     (214) 965-0097
Email: dwatsky@lyongorsky.com

*/s/ David K. Watsky*
**David K. Watsky**
State Bar Number 20932600

**COUNSEL FOR PLAINTIFF**